-FILED-

JUN 05 2013

ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Michael Mihalcik<br><br>And<br><br>Sue Mihalcik,<br><br>Plaintiffs.<br><br>v.<br><br>Commercial Recovery Systems, Inc.<br><br>Defendant. | Case No. 2 13CV 194<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## PARTIES

1. Plaintiffs are natural persons who resided in Griffith, IN at all times relevant to this action.

2. Defendant is a Texas corporation that maintained its principal place of business in Dallas, TX at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

1

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiffs about an obligation that Plaintiffs allegedly owed to Nissan, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiffs, and in so doing, has alleged that Plaintiffs owed the debt.

12. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

13. Throughout the months of January and February, 2013, including on or around February 1st and February 7th, 2013 Defendant telephoned Plaintiffs in connection with the collection of the debt.

14. During several of these communications, Defendant threatened to send the Lake County Sheriff to Plaintiffs' home.

15. During several of these communications, Defendant threatened to place a lien on Plaintiffs' home if Plaintiffs did not pay $5,400.00 on the debt.

16. At the time of these communications, Defendant had neither the intent nor ability to send the Sheriff to Plaintiffs' home or place a lien on Plaintiffs' home.

17. Defendant caused Plaintiffs emotional distress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

20. In support hereof, Plaintiff incorporates paragraphs 13-16 as if specifically stated herein.

### COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

22. In support hereof, Plaintiff incorporates paragraphs 13-16 as if specifically stated herein.

### COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692f by threatening to take action that cannot legally be taken of that was not intended to be taken.

24. In support hereof, Plaintiff incorporates paragraphs 13-16 as if specifically stated herein.

### JURY DEMAND

25. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY BANKRUPTCY LAW, P.C.

By: _____
Nicholas J. Prola
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Telephone: 866-339-1156
Fax: 312-822-1064
Email: nprola@maceybankruptcylaw.com
Attorneys for Plaintiff